UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY DURAN,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF PORTERVILLE, *et al.*,<br><br>          Defendants.<br>_____/ | Case No. 1: 13-cv-00370-AWI-BAM<br><br>**ORDER GRANTING PETER WILLIAMSON'S MOTION TO WITHDRAW** |

**INTRODUCTION**

Pending before the Court is the Motion by the Williamson Law Firm and attorney Peter M. Williamson to withdraw as counsel of record for Plaintiff Amy Duran. (Doc. 14.) Defendants have filed a notice of non-opposition. (Doc. 15.) The matter was heard on September 20, 2013, before United States Magistrate Judge Barbara A. McAuliffe. Counsel Peter M. Williamson appeared in person on behalf of Plaintiff. Counsel Ryan Nelson appeared telephonically on behalf of Defendants. Despite delaying the start of the hearing for fifteen (15) minutes, Plaintiff failed to appear. Having considered the moving papers, arguments presented at the hearing, as well as the Court's file, the motion is GRANTED.

1

**BACKGROUND**

This action arises from an incident that occurred on January 14, 2012, at Plaintiff's residence located at 143 North Crestview Street in Porterville, California. Plaintiff was living at the residence with her then 11-month old son.  At approximately 5:00 p.m., Defendants Bruce Sokoloff and M. Grey, two Porterville Police Officers, arrived at her front door. The officers claimed that they had received an anonymous tip that Plaintiff had been drinking alcohol while ingesting prescription medication. Defendant Officers claimed they smelled natural gas and entered Plaintiff's home without a warrant, allegedly due to exigent circumstances. At this time, Defendant officers searched Plaintiff's home.

Upon completing the search, plaintiff was arrested and charged with violating California Penal Code § 272a(a) – child endangerment. As a consequence of her arrest, Plaintiff's son was taken into protective custody by Tulare County Child Protective Services. Immediately after being arrested, Plaintiff was transported to Sierra View District Hospital where a blood sample was obtained to determine Plaintiff's blood alcohol level. The tests results established that Plaintiff was not legally intoxicated. Plaintiff remained in the Kern County Jail for five (5) days until released. Ultimately, all criminal charges filed against Plaintiff were dismissed.

Based on the foregoing, Plaintiff alleges Defendants violated Plaintiff's civil rights under federal and California law.

**DISCUSSION**

In the Eastern District of California, a motion to withdraw is governed by this Court's local rules and Rules of Professional Conduct of the State Bar of California" ("California Rules of Professional Conduct").  Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of Court upon noticed motion and notice to the client and all other persons who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney of record shall continue until relieved by order of the Court issued

hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

LR 182(d); *see also, Canandaigua Wine Co., Inc. v. Edwin Moldauer*, 2009 WL 89141, *1 (E.D. Cal. 2009) (Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit.")

California Rule of Professional Conduct 3–700(C)(6) permits a member of the State Bar to seek to permissive withdrawal when "[t]he member believes in good faith ... that the tribunal will find the existence of ... good cause for withdrawal."  However, "[a] member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other ... and complying with applicable laws and rules." California Rules of Professional Conduct 3–700(A)(2).

Counsel Williamson seeks to withdraw because he is retiring from the practice of law. Counsel is in the process of winding down his law practice with plans to retire by the end of 2013. Counsel's retirement plan includes his relocation from California to South Carolina where he intends to take up permanent residence.

Counsel represents that, for the past six (6) months, Plaintiff has repeatedly been advised of Counsel's retirement plans and the fact that she needs to obtain new counsel. Counsel has contacted other attorneys to inquire if they would take Plaintiff's case, and has provided Plaintiff the names of other attorneys who may be willing to take her case.  Over the course of the past several months, Plaintiff has made numerous attempts to retain new counsel but, to date, has been unsuccessful.

Counsel argues Plaintiff will not suffer any significant prejudice from his withdrawal because a scheduling order has not yet been issued and discovery has not begun.  Counsel has served this Motion to Withdraw on Plaintiff via Certified Mail, return receipt requested, to Plaintiff's last known address of: 22122 Victory Blvd., Apt. H-208, Woodland Hills CA 91367.

The Court will grant Counsel's Motion to Withdraw.  This case has not proceeded past the pleadings stage and Plaintiff has ample time to continue her search for substitute counsel or prepare to

litigate her claims *in propria persona.* Thus, the prejudice to Plaintiff is minimal.  Moreover, by seeking substitute counsel on Plaintiff's behalf, Counsel has taken reasonable steps to avoid any foreseeable prejudice to Plaintiff.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Motion to Withdraw by Williamson Law Firm and attorney Peter M. Williamson is GRANTED.

2. The Clerk is directed to serve a copy of this Order at Plaintiff's last known addresses as follows and which shall be used as the Plaintiff's address of record:

AMY DURAN

22122 Victory Blvd., Apt. H-208,

Woodland Hills CA 91367.

IT IS SO ORDERED.

Dated:   **September 23, 2013**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

4