1  KEVIN G. LITTLE, SBN 149818
   ATTORNEY AT LAW
2  Post Office Box 8656
   Fresno, California 93747
3  Telephone:  (559) 342-5800
   Facsimile: (559) 420-0839
4  Email: kevinglittle@yahoo.com

5  Attorney for Plaintiff Amy Duran

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

***

| AMY DURAN, | Case No.  CV-F-13-0370 BAM |
|---|---|
| Plaintiff, | PLAINTIFF AMY DURAN'S MOTIONS IN LIMINE |
| v. | Hearing: September 18, 2015 |
| CITY OF PORTERVILLE; PORTERVILLE POLICE DEPARTMENT; OFFICER M. GRAY; OFFICER BRUCE SOKOLOFF; DOES 1-19, | Time: 11:00 a.m.<br>Courtroom: 8, 6th Floor<br>The Hon. Barbara A. McAuliffe |
| Defendants. | Trial: September 29, 2015 |

TO THE HONORABLE COURT:

     Plaintiff Any Duran, through counsel, makes the following in limine motions.

     1.     The plaintiff moves to exclude any evidence or witnesses not timely disclosed during discovery.  This Court could appropriately exercise its discretion to exclude such belatedly disclosed or undisclosed witnesses or evidence.  See American Gem Seafoods, Inc. v. Wei Zhang, 330 F.3d 1020, 1027-1028 (9th Cir. 2004), cert denied, 124 S.Ct. 1602 (2004).  The Court also has discretion under FRCP 37(c)(1) to exclude information that was not disclosed pursuant to FRCP 26(a) or disclosed as a supplement to discovery/disclosure pursuant to FRCP 26(e).  See Klonoski v. Mahlab, 156 F.3d 255, 268 (1st Cir. 1998) (noting that the Rule 26(e) "imposes a broad requirement on parties to update their

_____
PLAINTIFF'S MOTIONS IN LIMINE

earlier disclosures and discovery responses"); Samos Imex Corp. v. Nextel Comms. Inc., 194 F.3d 301, 305 (1st Cir. 1999) ("[E]xclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a)."); Imax Corp. v. Cinema Technologies, Inc., 152 F.3d 1161, 1167-68 (9th Cir. 1998) (upholding the exclusion of evidence not disclosed not disclosed with "reasonable particularity" as required by Rules 26(a) and 26(e)).

  2. Plaintiff moves to exclude several anticipated categories of inadmissible character evidence. Specifically, the plaintiff moves to preclude the defendants from introducing: (1) any evidence suggesting that she has ever used alcohol excessively; (2) evidence of her prior arrests unrelated to the subject incident; and (3) evidence on an unrelated CPS incident in Los Angeles County after the subject incident. "Character evidence is normally not admissible in a civil rights case." Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993) (in civil rights case, police officer defendant who shot a suspect should not have been allowed to testify that in his sixteen and one-half years as a police officer, he had not shot anyone); Heyne v. Caruso, 69 F.3d 1475, 1480-1481 (9th Cir. 1995) (evidence of unrelated incidents by a party in a civil rights case inadmissible to show conduct in conformity therewith); Heath v. Cast, 813 F.2d 254, 259 (9th Cir.) (Rule 404(b) prohibits the admission of testimony regarding a civil rights plaintiff's other crimes or bad acts where such evidence is probative only of a criminal disposition), cert. denied, 484 U.S. 849 (1987); Cohn v. Papke, 655 F.2d 191, 193 (9th Cir. 1981) (where the district court erred in admitting evidence of Plaintiff's prior homosexual experience for the purpose of showing that it was within the plaintiff's character to commit homosexual acts in an attempt to show that he solicited the officer); see also Fed.R.Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); Davis v. Mason County, 927 F.2d 1473 (9th Cir.), cert denied, 502 U.S. 899 (1991); see also Fed.R.Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."). Additionally, the foregoing would constitute improper propensity evidence under Federal Rule of Evidence 404(a) and does not go to dishonesty, as required by Federal Rule of Evidence 608(b). Finally, the plaintiff does not have any prior criminal offenses that would be admissible for purely impeachment purposes under Federal Rule of Evidence 609.

Therefore, all of the above-discussed evidence would be improperly admitted under Rules 404(b), 608(b), and 609 and would only serve to label the plaintiff as a "bad person" and unduly prejudice her under Rule 403.  See United States v. Colbert, 116 F.3d 395, 396 (9th Cir.), cert. denied, 522 U.S. 920 (1997); United States v. Dickens, 775 F.2d 1056, 1057 (9th Cir. 1985) (evidence of association with mob not admissible under 609 or 608(b) and thus not admissible for credibility impeachment purposes); United States v. Lew, 875 F.2d 219, 222-223 (9th Cir. 1989) (extrinsic evidence of an incident of specific conduct offered to attack credibility properly excluded). Based on the consistent line of authorities excluding character evidence in civil rights cases, the above-referenced items should be excluded at trial.  At minimum, the defense should be required to make a detailed offer of proof regarding any such evidence, whether intended to be used as either substantive or impeachment evidence, outside of the presence of the jury prior to asking the plaintiff about it on cross-examination, in order to prevent inappropriate and prejudicial matters from being heard by the jury.

3. The plaintiff also moves to preclude the defendants from justifying her arrest on the basis of any information other than that known to them at the time of the incident.  As the Court well knows, the defendant officer's arrest must be justified based on the information then known to him, not later-acquired information.  See Forrett v. Richardson, 112 F.3d 416, 420 (9th Cir. 1997); Graham v. Connor, 490 U.S. 386, 396-97 (1989) ("[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation"); see also  Headwaters Forest Def. v. County of Humboldt, 211 F.3d 1121, 1133 (9th Cir. 2000)(stating that despite "the ongoing battle the Humboldt County Sheriff's Department and the Eureka Police Department. . . .  the proper focus of the analysis under Graham is on events immediately confronting the officers when they decided to use pepper spray."), vacated on other grounds by County of Humboldt v. Headwaters Forest Def., 534 U.S. 801 (2001); Beck v. Ohio, 389 U.S. 89, 91 (1964) (making same holding in the context of a false arrest claim).

4. Plaintiff moves to exclude testimony that purports to opine as to the credibility of any witness or party, since such testimony would clearly be improper.  See United States v. Candoli, 870 F.2d 496, 506 (9th Cir. 1989).  To the contrary, testimony introduced to bolster or impugn the

_____
PLAINTIFF'S MOTIONS IN LIMINE                         -3-

credibility of a witness is properly excluded. United States v. Komisaruk, 885 F.2d 490, 494 (9th Cir. 1989); United States v. Binder, 769 F.2d 595, 602 (9th Cir. 1985); United States v. Bighead, 128 F.3d 1329, 1336 (9th Cir. 1997); United States v. Ravel, 930 F.2d 721, 726 (9th Cir. 1991).

5.  The plaintiff will seek to exclude any mention of any item that was withheld by the defense on the basis of privilege. Issues to which a party claims a discovery privilege cannot be waived as a matter of convenience at trial, thereby flouting discovery rules. See United States v. Rylander, 460 U.S. 752, 759 (1983); Williams v. Florida, 399 U.S. 78, 83-84 (1970) (both addressing the issue fo the Fifth Amendment privilege against self-incrimination).

6.  The plaintiff moves to exclude any collateral evidence that might be introduced to demonstrate bias, such as her prior interactions with members of the Porterville Police Department. Such evidence is irrelevant, unduly prejudicial, and thus inadmissible under Federal Rules of Evidence 402 and 403. See United States v. Abel, 469 U.S. 45, 53 (1984) (district courts have broad discretion to exclude bias evidence under FRE 402 and 403); Lewy v. So. Pac. Transp. Co., 799 F.2d 1281, 1298 (9th Cir. 1986); see also United States v. Dickens, 775 F.2d 1056, 1058-1059 (9th Cir. 1985) (reversing a criminal defendant's conviction after a trial in which the prosecutor extensively questioned him regarding his connection to an infamous drug ring, stating that "the defendant's bias in his own behalf was self-evident," and that, furthermore, the improper questioning was not intended to show bias and failed to "demonstrate any motive for lying or indicate any bias in connection with this trial" but rather demonstrated "prior bad conduct tending to undermine his character for truthfulness under FRE 608(b)").

7.  Plaintiff also moves to preclude any law enforcement expert testimony, since no expert reports were produced during discovery, as required by Federal Rule of Civil Procedure 26(a)(2)(B). The defendant has named many law enforcement witnesses in the pretrial order, but none of them should be permitted to give expert testimony, even though most of them are employed by the City of Poreterville. Rule 26(a)(2)(B) requires the provision of an expert report for any employee whose duties regularly involve giving expert testimony or who was specially employed to provide such testimony. Prieto v. Malgor, 361 F.3d 1313, 1318 (11th Cir. 2004) (noting its agreement with Day v. Consolidated

Rail Corp., 1996 WL 257654 (S.D.N.Y. 1996), which held that allowing a blanket exception for all employee expert testimony under Rule 26(a)(2)B) would "create a category of expert trial witnesses for whom no written disclosure is required"); First Nat'l. Mortg. Co. v. Federal Realty Inv., 2006 WL 2228941 *14 (N.D.Cal., Aug. 3, 2006) (noting that the Advisory Committee notes to Rule 26 only contemplate an exception for "the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit."). Repeatedly, courts, including this District, that have addressed the issue at bar have concluded that the Rule 26(a)(2)(B) requires a written report despite the expert being employed by the tendering party in other than a forensic capacity. See, e.g. El Dorado Irrigation Dist. v. Traylor Bros., Inc., 2006 WL 191960 *2 (E.D.Cal., Jan. 24, 2006); Minnesota Min. and Mfg. Co. v. Signtech, USA, Ltd., 177 F.R.D. 459, 460 (D.Minn.1998) (where the court concluded that all employees who will give expert testimony (and not hybrid fact/expert testimony) are required under Rule 26(a)(2)(B) to produce a report). McCulloch v. Hartford Life and Acc. Ins. Co., 223 F.R.D. 26, 28 (D.Conn. 2004); KW Plastics v. United States Can Co., 199 F.R.D. 687, 688-690 (M.D.Ala. 2000). Therefore, consistent with Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c)(1), any law enforcement expert should be precluded from testifying. See Yeti By Molly, Ltd v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (Rule 37(c)(1) provides that if a party's expert witness, without substantial justification, fails to disclose such information, then the party "shall not, unless such failure is harmless, be permitted to use [such information] as evidence at a trial, at a hearing, or on a motion....").

Moreover, even for "non-retained experts," a party is required to at least have provided for each such witness: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Because Defendants failed to disclose the subject matter, facts, and opinions these witnesses would address, and failed to provide expert reports, any "non-retained" expert testimony from the identified law enforcement witnesses should be excluded. While "percipient experts" are permitted to testify regarding their specialized knowledge and training

insofar as it pertains to their percipient involvement, opinions beyond the percipient scope of these witnesses had to be the subject of a 26(a)(2)(B) retained expert report. See Goodman v. Staples, 644 F.3d 817, 825-826 (9th Cir. 2011). No such reports were provided in this case. Accordingly, no percipient witness should be allowed to give opinions that are outside of their percipient roles, to testify about matters not based on the evidence of their actual involvement in the underlying facts, or to respond to hypothetical questions seeking opinions.

8. Any mug shots of plaintiff should also be excluded as irrelevant. Moreover, any relevance would be substantially outweighed by the probability that the jury would be prejudiced. Fed. R. Evid. 401, 403.

9. Plaintiff also moves to exclude any evidence or other reference to claims or parties that have been dismissed or abandoned before trial, or questions about persons who were not sued but arguably could have been. Such evidence or references would clearly be irrelevant and prejudicial. Fed. R. Evid. 401, 403.

10. Plaintiff moves to preclude any trial witness from opining as to whether or not probable cause existed, whether a particular item or category of evidence was exculpatory, whether the evidence was sufficient to convict plaintiff at trial, or any other opinions on issues of law. Any such testimony would constitute improper opinion evidence, and also be inadmissible under Federal Rules of Evidence 401-403.

Opinion testimony on the legal issue[1] of probable cause is *per se* improper. As Your Honor stated in Sanfilippo v. Foster, No. 10-CV-F-1136 BAM (Doc. No. 75, 3:20-4:7):

> Expert testimony is not objectionable just because it embraces an ultimate issue. Fed. R. Evid. 704(a). That said, "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." Mukhtar v. California State University, Hayward, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002). Such an opinion does not aid the jury in making its decision; instead, it attempts to substitute the expert's judgment for that of the jury's. Id. (quoting United States v. Duncan, 42 F.3d 97, 101 (2nd Cir. 1994)).

---

[1] The issue of probable cause is submitted to a jury when there are disputed underlying issues of material fact regarding "the facts and circumstances within an officer's knowledge or what the officer did or failed to do," Hopkins v. Bonvicino, 573 F.3d 752, 764 (9th Cir. 2009), but the objective inquiry regarding the existence or non-existence of probable cause is always a legal issue. See Hunter v. Bryant, 502 U.S. 224, 227-228 (1991).

> In the specific context of probable cause, this generally means that [an expert] may testify on any underlying facts (but not as to the fact's credibility) which may be relevant to a probable cause determination, but he may not testify that probable cause did or did not in fact exist. See Torres v. City of Los Angeles, 548 F.3d 1197, 1214 n.11 (9th Cir. 2008) (holding that the district court abused its discretion when it denied a motion in limine seeking to preclude witnesses from testifying as to whether there was probable cause for an arrest); Stuart v. United States, 23 F.3d 1483, 1487 (9th Cir. 1994) (upholding district court's ruling to preclude plaintiff's expert witness from opining as to whether probable cause existed); Hao-Qi Gong v. Jones, No. C 03-05495 THE, 2008 U.S. Dist. LEXIS 111178, at *12 (N.D. Cal. Sept. 9, 2008) ("Courts regularly prohibit experts from testifying on the ultimate issue of whether there was 'probable cause' for an arrest.").

See also Quinn v. Fresno County Sheriff, 2012 U.S. Dist. LEXIS 102184 *9-10 (E.D.Cal. 2012) (Your Honor concluding similarly at the in limine stage); Sheldon Appel Co. v. Albert & Oliker, 47 Cal.3d at 884 (finding that a probable cause expert should not have been permitted to testify in a malicious prosecution action). Furthermore, a civil rights defendant may not rely on testimony that a prosecutor or law enforcement officer "subjectively believed that probable cause previously existed" since it does not satisfy the "objective" inquiry that probable cause requires. Garcia v. United States, 2011 U.S. Dist. LEXIS 132968 *24 (C.D.Cal. 2011). Therefore, any probable cause opinions are inadmissible.

11.  Plaintiff moves to exclude any improper commentary by counsel or witnesses, either comments on the evidence or comments intended to bolster the credibility or believability of another witnesses or exhibit. This motion applies to all phases of trial, except closing argument.

Plaintiff should not be required to ask the Court to "unring" a potentially prejudicial bell that has already been rung. During trial before the jury, counsel and witnesses are expected to conduct themselves with decorum. Counsel are not allowed to testify or make comments, but instead are supposed to ask questions. Witnesses cannot pontificate or speechify but instead must testify in response to the questions asked, without straying to include unverifiable tid-bits or anecdotes to bolster their testimonies.

12. Plaintiff moves to exclude any evidence offered as to the lack of prior findings of wrongdoing by the individual defendants or any police officer witness. Such evidence is precluded by <u>Gates v. Rivera</u>, 993 F.2d 697, 700 (9th Cir. 1993) (in civil rights case, police officer defendant who shot a suspect should not have been allowed to testify that in his sixteen and one-half years as a police officer, he had not shot anyone else).

13. The plaintiff requests that the Court order that all prior motions in limine and objections be deemed preserved for purposes of appeal and may not be reiterated. Such an order will further the efficient and orderly presentation of this case to the jury. It is well established that the Court has the authority to make such an order. <u>See</u> <u>United States v. Lui</u>, 941 F.2d 844, 846 (9th Cir.1991) ("A pretrial motion in limine preserves for appeal the issue of admissibility of that evidence if the substance of the objection has been thoroughly explored during the hearing and the district court's ruling permitting introduction of evidence was explicit and definitive.") (citing <u>Palmerin v. City of Riverside</u>, 794 F.2d 1409, 1413 (9th Cir.1986)).

14. The defense should not argue or suggest that defendants will have to pay any judgment against them personally. In addition to being contrary to Government Code § 825, such evidence or argument would only be for the purpose of engendering sympathy for the defendants, as prohibited by the Court's instructions.

WHEREFORE, for the reasons stated hereinabove, the Court should enter pretrial orders consistent with the plaintiff's in limine motions.

Dated: September 3, 2015

_____
Kevin G. Little
Attorney for Plaintiff Amy Duran