# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY DURAN, <br>       Plaintiff, <br>   vs. <br> CITY OF PORTERVILLE; OFFICER M. GRAY; OFFICER BRUCE SOKOLOFF; DOES 1-19, <br>       Defendants. | Case No. 1:13-cv-370-BAM <br><br> **ORDER ON PLAINTIFF'S MOTIONS IN LIMINE** <br><br> **(Doc. 59).** |

On September 18, 2015, this Court conducted a hearing on Plaintiff's Motions in Limine. (Doc. 59). Counsel Kevin Little appeared by telephone on behalf of Plaintiff. Counsel Bruce Praet appeared by telephone on behalf of Defendants. The Court read and reviewed Plaintiff's Motions in Limine, Oppositions thereto, and supporting documents. The Court further considered the arguments of counsel on the record. The Court ruled from the bench on the following motions and incorporates those rulings herein. For the reasons described on the record and in this order, the Court issues the following order on Plaintiff's Motions in Limine.[1]

## 1. Plaintiff's Motion in Limine No. 1

Pursuant to Federal Rule of Civil Procedure 26(a) and (e), Plaintiff first moves to exclude any evidence or witnesses not timely disclosed during discovery. Defendants did not object to the motion. If a party fails to identify a witness or make a disclosure that is required under Rule 26(a) or (e), Rule 37(c)(1) provides "the party is not allowed to use that information or witness to supply evidence on a

---

[1] Defendants did not move to exclude any evidence and did not file a motion in limine.

1

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). The Court will enforce the Federal Rules of Civil Procedure, when an appropriate objection is raised. Accordingly, Plaintiff's motion in limine number 1 is DENIED as MOOT.

**2a.    Plaintiff's Motion in Limine No. 2(a)**

Plaintiff moves under Federal Rule of Evidence 404(b) to exclude evidence of prior alcohol abuse by Plaintiff predating the underlying incident as improper character evidence. Defendants do not oppose the motion. Accordingly, Plaintiff's motion in limine number 2(a) is GRANTED, with the exception of the 911 call which is not within the scope of this motion.

**2b.    Plaintiff's Motion in Limine No. 2(b)**

Plaintiff moves under Federal Rule of Evidence 404(b) to exclude evidence of prior arrests unrelated to the subject incident as improper character evidence. Defendants do not oppose the motion. Accordingly, Plaintiff's motion in limine number 2(b) is GRANTED.

**2c.    Plaintiff's Motion in Limine No. 2(c)**

Plaintiff moves under Federal Rule of Evidence 404(b) to exclude evidence of an unrelated Child Protective Service ("CPS") incident in Los Angeles County that resulted in the temporary removal of Plaintiff's minor child a month after the underlying incident. Plaintiff argues that admission of the subsequent CPS case only serves to prejudice Plaintiff under Rule 403. Plaintiff also argues that statements made in the Los Angeles County case can be introduced without revealing the prejudicial nature of that case. Defendants respond that the removal of Plaintiff's child one month after the underlying incident is highly relevant for several reasons: (1) to prove that Plaintiff's emotional distress damages stem from the second CPS case and (2) for impeachment purposes. Defendants explain that Plaintiff made explicit references to the underlying incident and her contacts with the defendants in this matter in her later removal proceeding.

For the reasons stated on the record, the Court GRANTS the testimony as to the existence of the subsequent CPS case for the limited purpose of disputing emotional distress damages; but the facts surrounding the subsequent CPS case will be inadmissible. The parties will prepare a limiting

2

instruction for the Court's review.  Whether to allow the jury to consider evidence of the subsequent CPS case on a broader spectrum, such as to prove lack of accident, remains undecided.  This broader spectrum issue cannot be decided at this time; therefore, the remainder of Plaintiff's motion in limine number 2(c) is held in ABEYANCE until the time of trial.

**3.      Plaintiff's Motion in Limine No. 3**

Plaintiff moves to preclude Defendants from offering evidence to prove probable cause for Plaintiff's arrest. Plaintiff argues that her arrest must be justified based on the information known to officers at the time of the arrest, not later acquired information. *See Forrett v. Richardson*, 112 F.3d 416, 420 (9th Cir. 1997); *Graham v. Connor*, 490 U.S. 386, 396-97 (1989) ("[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation"). Defendants do not oppose the motion. Accordingly, Plaintiff's motion in limine number 3 is GRANTED.

**4.      Plaintiff's Motion in Limine No. 4**

Plaintiff moves to prevent Defendants or other witnesses from opining as to Plaintiff's credibility or the credibility of any witness.  Defendants argue that Plaintiff's request is broad and vague.  However, to the extent that Plaintiff may be seeking to exclude testimony from uninvolved witnesses as to her propensity to tell the truth (or not), Defendants agree that no such testimony will be offered.  Generally, the Court agrees that testimony about another witness's credibility is inadmissible. That would amount to improper opinions regarding credibility. *See United States v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985). However, Plaintiff's motion in limine, as written, is too broad.  Accordingly, Plaintiff's motion in limine number 4 is DENIED.

**5.      Plaintiff's Motion in Limine No. 5**

Plaintiff moves to exclude any item that was withheld during discovery by Defendants on the basis of privilege. Issues to which a party claims a discovery privilege cannot be waived as a matter of convenience at trial, thereby flouting discovery rules. *See United States v. Rylander*, 460 U.S. 752, 759 (1983); *Williams v. Florida*, 399 U.S. 78, 83-84 (1970).  Defendants do not oppose the motion. Accordingly, Plaintiff's motion in limine number 5 is GRANTED.

### 6. Plaintiff's Motion in Limine No. 6

Plaintiff seeks to exclude evidence to demonstrate bias such as prior negative interactions with members of the Porterville Police Department. Defendants do not intend to introduce evidence of prior negative interactions with Defendants, but Defendants will introduce evidence of her prior contacts with Officers Gray and Sokoloff (or lack thereof) immediately proceeding the underlying incident. The interactions with Defendant officers related to the incident at issue in this litigation are admissible; however, other earlier contacts are inadmissible. Accordingly, Plaintiff's motion in limine number 6 is GRANTED in part, as to interactions with Porteville Police Departmant, and DENIED in part, as to the interactions with Officers Gray and Sokoloff.

### 7. Plaintiff's Motion in Limine No. 7

Plaintiff moves to preclude any law enforcement witness from giving expert testimony because no expert reports were produced during discovery, as required by Federal Rule of Civil Procedure 26(a)(2)(B). Defendants respond that while law enforcement witnesses would testify as fact witnesses regarding the subject incident itself, Defendants do not intend to call any witnesses to give non-retained expert testimony. Based on these representations, Plaintiff's motion in limine number 7 is GRANTED.

### 8. Plaintiff's Motion in Limine No. 8

Plaintiffs seek to exclude evidence of Plaintiff's mug shot taken on the date in question as irrelevant and highly prejudicial. (Doc. 59 at 6). Plaintiff also argues that the mugshot was not produced during discovery. Defendants respond that the picture is relevant because it shows Plaintiff's physical condition at the time of the incident. (Doc. 61 at 5). Defendants further argued that they believed the mugshot was produced during discovery but further confirmation would be necessary.

The Court finds that Plaintiff's mug shot is particularly relevant; however, there is an open question as to whether the mug shot was produced during discovery. Rule 37(c)(1) provides that if a party fails to provide information as required by Fed. R. Civ. P. 26(a) or (e), the party is not allowed to use that information to supply evidence at trial, unless the failure was substantially justified or is

4

harmless. Fed. R. Civ. P. 37(c)(1). Currently, the record lacks sufficient evidence for an in limine ruling on this request; therefore, Plaintiff's motion in limine number 8 is held in ABEYANCE.

**9.      Plaintiff's Motion in Limine No. 9**

Plaintiff moves to exclude evidence of dismissed claims or parties. Defendants do not oppose the motion. Accordingly, Plaintiff's motion in limine number 9 is GRANTED.

**10.     Plaintiff's Motion in Limine No. 10**

Plaintiff seeks to preclude Defendants from introducing or eliciting any testimony from lay witnesses regarding legal issues such as the issue of "probable cause" to arrest Plaintiff. (Doc. 61 at 6). Plaintiff argues that such evidence is inadmissible because the issue of whether the officers had probable cause is a question of law. Plaintiff further argues that allowing Defendants to use the phrase "probable cause" during their testimony would be overly prejudicial to Plaintiff. Plaintiff fears that the jury will simply substitute a percipient witnesses' opinion regarding probable cause, for that of its own. Defendants respond that defendant officers and their supervisor were present at the time of Plaintiff's arrest and therefore these witnesses must be permitted to testify with respect to their belief that probable cause existed for Plaintiff's arrest at the time. While Plaintiff is free to argue that the officers were incorrect in their belief that objective probable cause existed to arrest Plaintiff; Defendants argue, however, that the officers must be able to testify as to what they believed the probable cause standard was and why they felt their conduct met that standard.

Plaintiff is correct that lay witnesses are precluded from opining as to whether there was, in fact, probable cause supporting Plaintiff's arrest. *See, e.g., Torres v. City of Los Angeles*, 548 F.3d 1197, 1214 n.11 (9th Cir. 2008) (holding that the district court abused its discretion when it denied a motion in limine seeking to preclude witnesses from testifying as to whether there was probable cause for an arrest); *Sanfilippo v. Foster*, 2012 U.S. Dist. LEXIS 119898, *6-7 (E.D. Cal. Aug. 23, 2012) (prohibiting an expert witness from testifying on the ultimate issue of whether there was 'probable cause' for an arrest). A lay witness may, however, testify that, during the course of events that gave rise to this action, he or she personally believed that probable cause existed to arrest Plaintiff. *Miller v. Schmitz*, 2013 U.S. Dist. LEXIS 152491 (E.D. Cal. Oct. 23, 2013). Percipient witnesses are allowed

to testify to their beliefs and related observations; what the officers concluded from those observations; and why they believed there was a legitimate reason to arrest here. Precluding the officers from using the term "probable cause," unduly prejudices and hamstrings Defendants from testifying as to how they perceived the underlying incident. Therefore, the officer Defendants will be allowed to use the term "probable cause." Plaintiff in turn can inquire whether the defendant officers' beliefs conflicted with the accepted definition of probable cause.

In the case of the officers' supervisor, because she is a percipient witness she will be allowed to testify as to what she observed and perceived at the scene. The supervisor may also testify whether the arrest was proper and/or that she approved the arrest at the scene. However, Defendants' supervisor will be precluded from using the term "probable cause" as it will be unduly prejudicial to Plaintiff. Accordingly, the Court GRANTS in part and DENIES in part Plaintiff's motion in limine number 10.

**11.   Plaintiff's Motion in Limine No. 11**

Plaintiff moves to exclude improper commentary or comments to bolster witnesses credibility. At oral argument, Plaintiff's counsel stated on the record that this is a boilerplate motion that was included out of routine, and that this motion in limine is not in dispute. Defendants do not oppose the motion. Accordingly, Plaintiff's motion in limine number 11 is DENIED as MOOT.

**12.   Plaintiff's Motion in Limine No. 12**

Plaintiff moves to exclude, as irrelevant, evidence that Defendant officers were not disciplined in connection with the events underlying Plaintiff's arrest or otherwise. (Doc. 59 at 8). Defendants do not oppose the motion. Accordingly, Plaintiff's motion in limine number 12 is GRANTED. Plaintiff is advised however that if she opens the door to evidence of Defendants' discipline history (or lack thereof) Defendants may seek to introduce related evidence.

**13.   Plaintiff's Motion in Limine No. 13**

Plaintiff moves for an order preserving all prior motions in limine and objections for purposes of appeal. *See United States v. Lui*, 941 F.2d 844, 846 (9th Cir.1991) ("A pretrial motion in limine preserves for appeal the issue of admissibility of that evidence if the substance of the objection has

been thoroughly explored during the hearing and the district court's ruling permitting introduction of evidence was explicit and definitive."). Defendants do not oppose the motion. Accordingly, Plaintiff's motion in limine number 13 is DENIED as MOOT.

**14.     Plaintiff's Motion in Limine No. 14**

Plaintiff moves to preclude Defendants from arguing or suggesting that the individual officer defendants are required to pay any judgment against them personally for the purpose of engendering jury sympathy for Defendants. Defendants do not oppose the motion. Accordingly, Plaintiff's motion in limine number 14 is GRANTED.

IT IS SO ORDERED.

Dated:     **September 22, 2015**          /s/ *Barbara A. McAuliffe*
                                                                                          UNITED STATES MAGISTRATE JUDGE