UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY DURAN, | ) CASE NO. 1:13-cv-0370-BAM  )  |
| Plaintiffs, | ) **ORDER DENYING PLAINTIFF'S**  ) **MOTION FOR A NEW TRIAL**  |
| vs. | )  ) **(Doc. 95)** |
| CITY OF PORTERVILLE, | )  ) |
| Defendants. | )  ) |

Plaintiff moves post-verdict for a Motion for New Trial pursuant to Federal Rule of Civil Procedure 59.  Plaintiff's main argument is that a reasonable jury could not have found for Defendants as there was insufficient evidence to support the jury's verdict.  (Doc. 95). Defendants filed their opposition to the Motion for New Trial on November 3, 2015. (Doc. 96). The time to file reply documents has passed and no reply was filed. Pursuant to Local Rule 230(c), the Court took the matter under submission and vacated the hearing set for December 11, 2015.  (Doc. 97). Having considered the moving and opposition papers, and the entire file, Plaintiff's motion for new trial is DENIED.[1]

**BACKGROUND**

Plaintiff Amy Duran initiated this action against Defendants the City of Porterville, the Porterville Police Department, and Porterville Police Officers Michael Gray and Bruce Sokoloff alleging causes of action for unlawful arrest, municipal liability, and state law violations under

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Doc. 28).  For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305. (Doc. 30).

1  California law. According to Plaintiff, she was arrested without probable cause for child
2  endangerment. Prior to trial, Plaintiff's municipal liability claim against the entity defendants
3  was dismissed. (Doc. 48 at 12).

4      Plaintiff's claims arise from an incident that happened at her home in Porterville,
5  California.[2] On January 14, 2012, Porterville Police Officers Sokoloff and Gray responded to
6  an anonymous "check the welfare" call at Plaintiff's residence. Upon arrival, Officers claimed
7  they detected a strong smell of natural gas coming from Plaintiff's home. While talking to the
8  Officers, Plaintiff's speech was slurred, she admitted to consuming some amount of wine that
9  day, and she was using her oven while her 9-month old son slept in a separate room. Alleging
10 fear that the gas stove had been leaking gas into the home, Officers Sokoloff and Gray
11 requested fire personnel respond to the scene. When the fire department arrived, their
12 equipment failed to detect any natural gas in the home.

13     Plaintiff was arrested and charged with a violation of California Penal Code § 273a(a)–
14 felony child endangerment.[3] After her arrest, Plaintiff was transported to Sierra View District
15 Hospital where a blood sample was obtained to determine Plaintiff's blood alcohol level. The
16 test results established that Plaintiff had a blood alcohol content of .08%—within the legal limit.
17 Due to her arrest, Plaintiff's minor child was removed from her care and remitted to Tulare
18 Child Protective Services for six days. All criminal charges against Plaintiff were ultimately
19 dismissed.

20     At trial, Plaintiff disputed that her gas stove was running at any time while the officers
21 were in her home. Plaintiff testified that she owned a hybrid stove powered by both natural gas
22 and electricity and that while her electric oven dial was running her gas stovetop burner was
23 not. Plaintiff also submitted into evidence a photograph of her stove that showed that there was

---

[2] The following summary is not intended to be a comprehensive statement of the evidence, but rather, is offered as context for Court's rulings on Plaintiff's post-trial motion. The evidence presented at trial supports this version of the facts.
[3] Cal Penal Code § 273a. (a) Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of that child to be injured, or willfully causes or permits that child to be placed in a situation where his or her person or health is endangered, shall be punished by imprisonment in a county jail not exceeding one year, or in the state prison for two, four, or six years.

a far right dial that did not appear to correspond to a stovetop burner. After a three-day trial, the jury found in favor of the Defendants on all of Plaintiff's claims. (*See* Docs. 93, 94).

## DISCUSSION

### A. Legal Standard

Rule 59(a) provides that "[a] new trial may be granted ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Rule 59 does not specify the grounds on which a motion for a new trial may be granted. *See Zhang v. Am. Gem Seafoods, Inc.,* 339 F.3d 1020, 1035 (9th Cir.2003). Rather, the court is "bound by those grounds that have been historically recognized, *id*., including, but not limited to, claims "'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007) (*quoting Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

Local Rule 291.2 provides:

Motions for new trial [under Rule 59] shall state with specific references to relevant portions of any existing record and to any supporting affidavits: (1) the particular errors of law claimed, (2) if a ground is insufficiency of the evidence, the particulars thereof, and (3) if a ground is newly discovered evidence, the particulars thereof, together with a full, complete description of the facts relating to the discovery of such evidence and the movant's diligence in connection therewith.

### B. Arguments

Plaintiff moves for a new trial on the ground that the jury verdict is against the weight of the evidence. Plaintiff contends that her case was entirely dependent on whether or not her home smelled like gas. The presence of gas, she argues, was necessary for the officers to determine that probable cause existed for her arrest based on child endangerment. (Doc. 95). Plaintiff argues that her testimony that the oven dial was on but not the gas stove was not contested at trial. According to Plaintiff, the officers failed to testify that they approached the stove to determine whether the gas actually running. Moreover, no "fire personnel smelled gas or reported smelling gas." (Doc 95 at 2). Plaintiff argues that the evidence did show that the officers remained in her home for 15 minutes after their arrival, further supporting her argument

that the officers never smelled a dangerous level of gas fumes in her home. In sum, Plaintiff argues that there was no credible evidence to support a rational jury finding that Plaintiff's residence dangerously smelled of gas.

In opposition, Defendants contend that Plaintiff raises no grounds for a new trial. (Doc. 96). Specifically, Defendants argue that Plaintiff fails to comply with Local Rule 291.2 requiring a movant for new trial to supply "specific references" to the "particulars" of any evidentiary insufficiency when moving for a new trial. Moreover, the jury did in fact hear sworn testimony from the officers and fire personnel supporting the conclusion that Plaintiff's gas was running and they smelled gas when the officers arrived at her home.

### C. Weight of the Evidence

"Upon the Rule 59 motion of the party against whom a verdict has been returned, the district court has the duty to weigh the evidence as the court saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in the court's conscientious opinion, the verdict is contrary to the clear weight of the evidence." *Molski*, 481 F.3d at 729 (internal quotations and citation omitted). However, "a district court may not grant a new trial simply because it would have arrived at a different verdict." *Wallace v. City of San Diego*, 479 F.3d 616, 630 (9th Cir.2007) (quoting *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 818 (9th Cir.2001)) (internal quotation marks omitted). A verdict should be set aside where, after giving full respect to the jury's findings, the judge "is left with the definite and firm conviction that a mistake has been committed by the jury*." Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-1372 (9th Cir. 1987).

#### 1. Plaintiff Fails to Comply with Local Rule 291.2

Without citing to any portion of the record, Plaintiff argues that "there was simply no credible evidence to support a rational jury finding that [her] residence dangerously smelled of gas on the day of interest." (Doc. 95 at 2). This argument does not comply with Local Rule 291.2, which provides that "motions for new trial shall state with specific references to relevant portions of any existing record and to any supporting affidavits . . . [and] if a ground is insufficiency of the evidence, the particulars thereof." Plaintiff cites to no relevant portions of the record or supporting affidavits. Instead, Plaintiff merely contends that the evidence was

insufficient, but that argument is not supported. Plaintiff has therefore not met her burden as the moving party.

Notwithstanding this deficiency however, the Court will consider Plaintiff's motion in light of the applicable standards, and the arguments, testimony, and evidentiary exhibits at trial. *Oritz v. Jordan*, 131 S. Ct. 884, 889, 178 L. Ed. 2d 703 (2011); *see also, Hunter v. County of Sacramento*, 2013 U.S. Dist. LEXIS 107749, 2013 WL 3968663 (E.D. Cal. July 30, 2013) ("Without a record of the trial, which took place months ago, the Court is left 'to fumble through its own notes of the trial for possible support for the various factual issues in dispute.'")

### 2. Jury's Verdict in Favor of Defendants is Not Contrary to the Clear Weight of Evidence

The Court must apply a stringent standard to Plaintiff's argument that the verdict reached cannot be reconciled with the weight of the evidence. *Digidyne Corp. v. Data General Corp.*, 734 F.2d 1336, 1347 (9th Cir. 1984). A motion for new trial may be granted on this ground only if the verdict is against the "great weight" of the evidence or if "it is quite clear that the jury has reached a seriously erroneous result." *Id.; see also Venegas v. Wagner*, 831 F.2d 1514, 1519 (9th Cir. 1987). It would amount to an abuse of discretion on the part of the court to grant a new trial on any lesser showing, and the court cannot extend relief simply because it would have arrived at a different verdict. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs,* 251 F.3d 814, 818-19 (9th Cir. 2001).

The Court finds that a new trial should not granted because the verdict is not against the clear weight of the evidence. The evidence fully supports the verdict. Contrary to Plaintiff's argument in her current Motion, the jury heard sworn testimony from the two officers that there was in fact a strong odor of gas upon entering Plaintiff's home. The officers account of the events that evening were further reinforced by the independent testimony of Firefighter Pisani who gave uncontested testimony that he would not have called for a full fire rig unless he detected the strong residual odor of gas. While Plaintiff also contests that there was no evidence that she was highly intoxicated or took prescription medication on the date of the incident, Plaintiff did testify that she had consumed wine prior to the officers' arrival and that she was

"extremely tired" and "confused" during the incident. Thus, there was sufficient evidence from which the jury could have reached its conclusion that Plaintiff's arrest was supported by probable cause.

This was a case where the jury made credibility determinations as to the evidence supporting the conflicting stories.  Credibility was a key issue in this case because of the nature of Plaintiff's claims, and the jury properly made its own credibility assessment as to whether Plaintiff left her gas stove running. Based on the testimony at trial, the jury could have found the testimony of Defendants and their witnesses to be more credible than that of Plaintiff. To this end, the jury's determination that Plaintiff's arrest was supported by probable cause is not contrary to the overwhelming weight of the evidence. Defendants introduced sufficient direct and indirect evidence in support of their case; indeed, the jury was presented with ample evidence from which they could find in favor of the Defendants. Although Plaintiff recounts the testimony at trial differently, a motion for new trial should not be granted simply because the court could have arrived at a different verdict. *Pavao v. Pagay,* 307 F.3d 915, 918 (9th Cir. 2002).  Accordingly, the verdict in favor of Defendants is not against the clear weight of evidence and Plaintiff's Motion is DENIED.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for a new trial is DENIED.

IT IS SO ORDERED.

Dated: __December 29, 2015__        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE